IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00033-MSK-DLW

CINDY ENOS-MARTINEZ,

     Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

     Plaintiff, Cindy Enos-Martinez, by and through her counsel, Killian & Davis, P.C., and Defendant, The Board of County Commissioners of the County of Mesa, by and through its counsel, The Hassler Law Firm, P.C., hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

    A.    All production and disclosure of "Confidential Information," as defined below in paragraph "B," shall be governed by this Order.

    B.    "Confidential Information," as used herein, means information in personnel files regarding: (1) social security numbers; (2) health benefit information, life insurance, disability insurance, and 401(k) or pension information; and (3) information pertaining to employee physical and mental health diagnoses, conditions, and treatments. This does not permit redaction of Family Medical Leave Act ("FMLA") requests and

1

determinations regarding the requests, nor the reasons for such requests and the bases for determining the outcomes of FMLA requests. If the County requires a diagnosis before granting or denying a FMLA request, the diagnosis is confidential under this agreement, but it shall not be redacted.  In regard to FMLA requests, defendant may redact the name and signature of the requesting employee.  However, if the name and signature of the employee is redacted, defendant shall provide the race and age of the employee at the time of the request.

C.      If a party deems information in a personnel file confidential, the party may redact the confidential information from the document prior to production. The redacting party shall redact no more than is defined as Confidential Information under paragraph "B."  The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order. If the basis of the redaction cannot be determined from the context of the document, the redacting party will prepare a privilege log stating the basis of the redaction.

D.      If either party shall produce to the other party, whether by disclosure, discovery or otherwise, a document that the non-producing party believes should have been redacted as Confidential Information, the non-producing party may on its own designate the document as Confidential Information. If the producing party disagrees with the designation, it may file a motion with the court asking that the court order that such document not be

2

deemed Confidential Information pursuant to this Order. The designating party shall have the burden of demonstrating why such document should be deemed Confidential Information. If the court orders that the document was improperly designated, the document shall not be treated as Confidential Information for the duration of the litigation, including any appeals.

E.  If a party inadvertently or unintentionally provides documents or information that is not redacted as Confidential Information, but should have been so redacted, it may request that the court deem such documents or information Confidential Information. The party seeking to have the documents deemed confidential shall have the burden of demonstrating that they should be considered confidential pursuant to this Order.

F.  A party may object to any redaction or to the designation of particular Confidential Information by giving written notice to the party redacting or designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party redacting or designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating

3

party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

G.   Confidential material shall not disclosed to any person or entity other than:

1.   Plaintiff; provided, however, that Plaintiff may review such material only at the offices of her counsel and Plaintiff may not be provided with or retain copies of such material;

2.   Attorneys for each party actively engaged in this litigation and law clerks, paralegals, officer clerks and secretaries working under their supervision.

3.   Current elected or appointed officials; managers; and employees of Defendant who need to see such documents to assist in the preparation for trial of this matter;

4.   Any witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed;

5.   Any Court reporter engaged in connection with this matter (or any of his or her staff employees);

6.      Any person designated as a "may call" or "will call"

witness at trial. However, only expert witnesses agreeing to be

bound to the terms of this Order may be provided and retain copies

of the confidential documents; and

7.      Any investigator hired by an attorney or party who agrees to

be bound by the terms of this Order.

8.      Exhibit A shall be used by lay witnesses, expert witnesses,

and investigators to indicate agreement to be bound by the terms of

this Order.

H.     To the extent that any filing with the Court would reveal or tend to reveal

any Confidential Information protected by this Order, any such

Confidential Information shall be filed separately, under seal, with a copy

of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.3.

Simultaneous with the filing under seal, the filing party shall file a motion

to seal the documents pursuant to D.C.COLO.LCivR 7.2.

I.      Documents filed under seal, either by court order or with a simultaneous

motion to seal, shall be filed in accordance with ECF Procedure VI

(Version 2.0).

J.      Third parties who are compelled to produce documents or other evidence

may do so under this Protective Order by signing an acknowledgement in

the form of Exhibit B attached hereto. Such third parties shall have the

rights and obligations as contained in this Protective Order to the

documents they so designate.

5

K.  This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof.

L.  The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

IT IS SO ORDERED.

Dated this _____7th_____ day of _____December_____, 2010.

BY THE COURT:

_____
David L. West
United States Magistrate Judge

APPROVED AND AGREED:

_s/ Nicholas W. Mayle_____
J. Keith Killian
Nicholas W. Mayle
Killian & Davis, P.C.
202 North Seventh Street
Grand Junction, CO 81502
(970) 241-0707
Attorneys for Plaintiff

s/ Alan N. Hassler
Alan N. Hassler
The Hassler Law Firm, P.C.
2829 North Ave., Suite 205
P.O. Box 40386
Grand Junction, CO 81504
(970) 243-2952
Attorneys for Defendant

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, have read the Stipulated Protective Order entered by the Court in the case titled Cindy Enos-Martinez v. The Board of County Commissioners of the County of Mesa, Civil Action No. 10-cv-00033-MSK-DLW.

I understand and agree to be bound by that Stipulated Protective Order. I also understand that, if I violate the provisions of the Stipulated Protective Order, I may be held in contempt of court and thereby punished for such violation. I consent to the jurisdiction of the Court in that case over me for all matters relating to the enforcement of the Stipulated Protective Order.

Date: _____, 20___.


_____
Signature

_____
Name (Please Print)


STATE OF _____ )
                            )ss.
COUNTY OF _____ )

Subscribed and sworn to before me this ___ day of _____,
20___, by
_____

Witness my hand and official seal.
My commission expires: _____.


_____
Notary Public

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00033-MSK-DLW

CINDY ENOS-MARTINEZ,

      Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

      Defendant.

---

**ACKNOWLEDGMENT**

---

      In response to a subpoena served in the above action, documents, testimony and

other things deemed confidential (hereinafter "Confidential Information") are being

produced solely for use in that action.  By signing this acknowledgment,

_____, agrees to provide the Confidential Information

subject to the terms of the Stipulated Protective Order entered in that action that will bind

the parties in that action to the same extent that the parties are bound to protect other

discovery material produced.

                        Dated: _____, 20___.

                        Signed: _____