**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 10-CV-00033-MSK-DLW**

**CINDY ENOS-MARTINEZ,**

**Plaintiff,**

**vs.**

**THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,**

**Defendant.**

---

**ORDER RE: MOTION TO COMPEL PRODUCTION OF
PERSONNEL FILES [DOC. # 43]**

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Plaintiff has filed a Motion to Compel Production of Personnel Files of Former County Employees Rice, Diaz, Hinkle, Silvia (Silva) and Stewart and to Compel the FMLA Records of Other County Employees. The Motion to Compel [Doc. #43] was referred to the Magistrate Judge by Judge Marsha S. Krieger on January 20, 2011. The history of the case is as follows:

1. May 3, 2010, Scheduling Order with 12/31/10 discovery cut-off.

2. August 13, 2010, Defendant requested a Protective Order concerning personnel files.

3. October 21, 2010, a Settlement Conference occurred in Grand Junction at which the Court encouraged and discussed informal discovery, scope of the discovery and a Protective Order. That discussion included potential deponents not already scheduled including Stewart, Hinkle, Silva, Rice and Diaz.

4. November 22, 2010, the parties discussed the details of a Protective Order which was finalized December 6, 2010.

5. December 14, 2010 (or thereabouts) Defendant provided deponent's employment records to Plaintiff, pursuant to the Protective Order.

      6. During a discussion with the parties on December 23, 2010, the Court ordered the discovery period be extended to January 31, 2011 which was put on the record.

      7. December 29, 2010, Plaintiff filed:
- a) First Set Request for Admissions
- b) Second Request for Production of Documents
- c) Second Set of Interrogatories

      8. January 5, 2011, Plaintiff filed Third Request for Production of Documents.

      9. January 6, 2011, Defendant filed an Objection to the Extension of Discovery.

      10. January 18, 2011, the Defendant filed a Motion for an Order Staying the Order Extending Discovery to January 31, 2011, which the Court denied.

      The Court's effort to streamline discovery by depending on counsel to discuss discovery and efficiently provide discovery has failed, and the Court takes responsibility for this failure. Now the discovery process needs firm guidelines within which to operate.

      The expiration of discovery was caused by counsel not agreeing to the Protective Order in a timely manner. Note, counsel blames opposing counsel for this delay. As this Court sees the matter, all counsel and the Magistrate share the blame.

## ANALYSIS

      Defendant objects to providing the personnel files of Rice, Diaz and Hinkle as they are not employees of the Defendant. They are employees of the Mesa County Department of Human Resources, not the Mesa County Board of County Commissioners. (The Mesa County Commissioners are the Mesa County Department of Human Resources Board). Defendant argues, therefore, Rice, Hinkle and Diaz are not comparator employees. This is not the time to determine whether or not they are or not comparator employees. Since this is discovery, Rule 26 (b)(1) states as follows:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Good cause exists for the discovery of relevant subject matter even if it may not ultimately be admissible at trial, and therefore, the personnel files of Rice, Diaz and Hinkel are discoverable and the Motion to Compel is partially granted, and pursuant to the Protective Order the files shall be provided to Plaintiff by March 22, 2011.

Karen Stewart worked for the County Commissioners but was allegedly supervised by a person different than Plaintiff's supervisor. Pursuant to Rule 26 (b)(1), the Court finds that good cause exists for the discovery of relevant subject matter even if it may not ultimately be admissible at trial, and therefore, the personnel files of Karen Stewart are discoverable and the Motion to Compel is partially granted pursuant to the Protective Order and shall be provided to Plaintiff by March 22, 2011.

Effie Silva (Silvia) worked for the Mesa County Clerk and Recorder, not the Mesa County Commissioners. She has no chance of being a comparator employee and not relevant and therefore, Plaintiff's Motion to Compel her personnel records is denied.

Finally, Plaintiff's Motion to Compel FMLA Requests of Other County Employees:

a) Records of employees who were required to provide more information to obtain FMLA leave, and

b) FMLA records of employees who were required to follow up with the County during their FMLA leave period.

As to a), the Defendant responds that there are no files responsive to this request, therefore: the Court denies Plaintiff's Motion to Compel as to a).

As to b), the Defendant responds that all employees engaging in FMLA leave signed the "Family and Medical Leave Specific Notice" and within this form all employees are notified that they have to update the County during FMLA leave. The Court find that this request is relevant to the Plaintiff's claim, as all employees were potentially subjected to the same requirement. Therefore, good cause exists pursuant to rule 26(b)(1) for this information to be given to Plaintiff and the Court grants Plaintiff's Motion to Compel as to b), subject to the Protective Order, and this material shall be provided to Plaintiff by March 22, 2011.

Plaintiff has also filed a Motion to Modify the Scheduling Order to Extend Discovery Cutoff so Plaintiff may receive documents mentioned in its Motion to Compel and take appropriate depositions. [Doc. #50] The Court finds that good cause exists to extend the discovery cutoff by modifying the Scheduling Order for Defendant to produce said documents by March 22, 2011 and appropriate depositions of County employees be completed by April 16, 2011.

In summary, Plaintiff's Motion to Compel is GRANTED in part: as to the personnel files of

Rice, Diaz, Hinkel and Stewart, and the FMLA records of employees who were required to follow up during FMLA leave.

Plaintiff's Motion to Compel is DENIED, in part as to:

1) Personnel files of Silva (Silvia),

2) Records of employees who were required to provide more information to obtain FMLA leave, and

This Order resolves Plaintiff's Motion to Shorten Written Discovery Response Time [Doc. #45], said Motion is hereby DENIED.

Plaintiff's Motion to Modify the Scheduling Order to Extend Discovery Cutoff is hereby GRANTED.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED:** March 7, 2011.

            **BY THE COURT:**

            **s/David L. West**
            **United States Magistrate Judge**