**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 10-CV-00033-MSK-DLW**

**CINDY ENOS-MARTINEZ,**

**Plaintiff,**

**vs.**

**THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,**

**Defendant.**

---

**ORDER STAYING ORDER COMPELLING DISCOVERY OF
NON-EMPLOYEE FILES [DOC. #68] PENDING DETERMINATION OF
OBJECTION TO MAGISTRATE JUDGE ORDER [DOC. #70]**

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Defendant filed an Objection [Doc. #70] to the Court's Order [Doc. #68] granting in part Plaintiff's Motion to Compel [Doc. #43] Production of various personnel files.

The Court believes Defendant's Objection [Doc. #70] should be determined before Defendant produces the objected to files, and that pursuant to F.R.Civ.P.. 26(c) good cause exists to protect employees subject to potential disclosure from annoyance. Although this Court believes the Order to Compel was correct, that does not mean that other courts might find otherwise. There would be no harm to Plaintiff is this stay is granted, in that Plaintiff has previously requested that the Scheduling Order be modified [Doc. #54] to Extend Expert Disclosure.

The interests of persons not parties to this litigation is consistent with the stay. The privacy of Rice, Diaz and Hinkle would be protected until the objection is ruled upon which is consistent

with the public interest. The stay is appropriate pursuant to *String Cheese Incident, L.L.C. v. Stylus Shows, Inc.*, 05-CV-1934-LTB-KLM, U.S.D.C. Colo. (03/30/2006) and *Zander v. Craig Hospital*, 09-CV-2121-REB-BNB U.S.D.C. Colo. (04/20/10)

Defendant's Motion to Stay Order [Doc. #68] Compelling Discovery of Non-Employee files [Doc. #68] Pending Determination of Objection to Magistrate Judge Order [Doc. #70] is hereby **GRANTED.**

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: March 31, 2011.**

                                        **BY THE COURT:**

                                        **s/David L. West**
                                        **United States Magistrate Judge**