**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

Civil Action No. 10-CV-00033-WJM-DLW

CINDY ENOS-MARTINEZ,

Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

Defendant.

---

**ORDER RE: PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FEDERAL**
**RULE OF CIVIL PROCEDURE 56(d) [DOC. #89]**

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) [Doc. #89] was referred to the Magistrate Judge by Judge William J. Martinez on May 10, 2011.

Plaintiff has filed a Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) [Doc. #89], (to which Defendant has responded [Doc. 101] and Plaintiff replied [Doc. #106]). Plaintiff requests that she be allowed to (1) complete review of the personnel files of Diann Rice, Susan Diaz and Bill Hinkle which was ordered by the Magistrate on March 7, 2011 [Doc. #68] and objected to by the Defendant on March 21, 2011 [Doc. #70], and (2) depose Defendant, the Mesa County Commissioners and Tim Ryan, which was ordered by the Magistrate on June 27, 2011.

The Tenth Circuit has outlined the requirements for obtaining relief pursuant to Fed. R. Civ. P. 56(d) and (f) in **_Committee for the First Amendment v. Campbell_**, 962 F.2d 1517, 1522, in that

"a prerequisite to granting relief, however, is an affidavit furnished by the nonmovant...[which] must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.  In this circuit, the nonmovant also must explain 'how additional time will enable him to rebut movant's allegations if no genuine issue of fact'."

## FINDINGS

Plaintiff's Motion and Attorney Killian's affidavit attached to the Motion state that the personnel files of Diann Rice, Susan Diaz and Bill Hinkle have not yet been provided by Defendant to Plaintiff pursuant to Defendant's Objection [Doc. #70] to the Magistrate's Order of March 7, 2011 [Doc. #68].  Additionally, the depositions of Mesa County Commissioners, Steve Aquafresca, Craig Meis, and Janet Rowland have not yet occurred, the subject of  the Magistrate's Order dated June 27, 2011.

The probable facts that are not available because the above discovery has not occurred are whether or not Rice, Diaz, Hinkle and Ryan are comparator employees of Plaintiff, Enos-Martinez. Also pertinent are the circumstances surrounding the termination and/or separation of Rice, Diaz, Hinkle and Ryan by Defendant.  Also relevant and essential are the facts surrounding the age spreadsheet and the succession planning prepared by Defendant and/or employees of the Defendant, and whether or not the spreadsheet and/or plan were used to weed out employees over 50 years of age.  Additional relevant and essential discovery Plaintiff seeks is whether or not the Defendant was involved in personnel decisions regarding the Plaintiff.  The County Commissioners were aware of Plaintiff's employment with the County, and the fact that Plaintiff was a former Mayor of Grand Junction and former member of the School Board.  Interestingly, Plaintiff also ran against one of the

present County Commissioners in 2004.

The Plaintiff needs the discovery to respond to Defendant's Motion for Summary Judgment because the discovery probably will be pertinent to Plaintiff's claim that she was discharged and/or constructively discharged by Defendant because of her age.   Questions surrounding the age spreadsheets and succession plan of Defendant goes to whether or not there is a question of fact as to Defendant's asserted legitimate, non-discriminatory reasons for not letting Plaintiff apply for the position of Compensation/Benefits Manager are pretextual or age related,.

Plaintiff needs to review the Rice, Diaz and Hinkle personnel files in order to properly depose the Mesa County Commissioners and Tim Ryan.  The delay in receiving said files is not the responsibility of Plaintiff.

An extension of time for Plaintiff to respond to Defendant's Motion for Summary Judgment will allow the Court time to Rule on Defendant's Objection [Doc. #70] to the Magistrate's Order of March 7, 2011 [Doc. #68], which if the Objection is denied, will allow the Plaintiff an opportunity to review the personnel files of Rice, Diaz and Hinkel and depose the Mesa County Commissioners and Ryan.  This discovery is relevant and essential to Plaintiff as a non-moving party to respond to Defendant's Motion for Summary Judgment.

Plaintiff's Motion for Extension of Time pursuant to 56(d) to Respond to Defendant's Motion for Summary Judgment is hereby GRANTED.  The date of Plaintiff's response shall be determined ten (10) days after the District Court's ruling on Doc. #70.

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection**

was not timely made.  The district judge to whom the case is assigned shall consider such

objections and shall modify or set aside any portion of the magistrate judge's order found to

be clearly erroneous or contrary to law."  <u>See</u>  28 U.S.C. § 636(b)(1)(A) ("a judge of the court

may reconsider any pretrial matter under this subparagraph (A) where it has been shown that

the magistrate's order is clearly erroneous or contrary to law.").

DATED: July 12, 2011.

                                        BY THE COURT:

                                        <u>s/David L. West</u>
                                        **United States Magistrate Judge**