**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**David L. West**
**United States Magistrate Judge**

Civil Action No. 10-CV-00033-WJM-DLW

CINDY ENOS-MARTINEZ,

Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

Defendant.

---

**ORDER RE: MOTION OF DR. TIMOTHY RYAN TO QUASH SUBPOENA**
**AND FOR ISSUANCE OF PROTECTIVE ORDER [DOC. #130]**

---

The Motion of Dr. Timothy Ryan to Quash Subpoena and for Issuance of Protective Order [Doc. #130] was referred to the Magistrate Judge by Judge William J. Martinez on January 17, 2012.

Dr. Timothy Ryan, through his attorney, Paul Sunderland, filed a Motion to Quash Deposition Subpoena and for Issuance of Protective Order. The Court has reviewed this motion as well as Plaintiff's Response [Doc. #136] and Dr. Ryan's Reply [Doc. #142]. Dr. Ryan is a non-party to this action that Plaintiff is attempting to depose.

**BACKGROUND**

1. **December 2010 & January 2011:** Plaintiff's attorney attempting to contact Dr. Ryan and requested a return call. No return call received.

2. **December 28, 2011:** Plaintiff issued Notice of Deposition to Defendant's counsel [Exhibit 1 of Doc. #130] and delivered it to Defendant where Ryan had not worked for 4 - 5 years. This notice did not comply with Rule 45 or D.C. Colo. L. Civ. R. 30.1.

3. **January 3, 2012:** Defendant's attorney wrote Plaintiff's attorney [Ex . 2, Doc. #130] that Defendant's attorney did not represent Ryan and had no authority to produce Ryan for deposition.

4. **January 6, 2012:** Ryan received by Fed Ex a subpoena from Plaintiff's attorney with no Rule 45(c) or (d) explanation.  It also included a waiver and acceptance of service, [Ex. 3 of Doc. #130] for Ryan's deposition January 18, 2012.

5. **January 10, 2012:** Ryan first opportunity to speak to his attorney Paul Sunderland.

6. **January 12, 2012:** Ryan's attorney, Sunderland, e-mailed Plaintiff's attorney Killian and Defendant's attorney Hassler that Plaintiff had not complied with F.R.C.P 45 and, therefore, Ryan would not appear for deposition on January 18, 2012 [Ex. 4 of Doc. #130].  This service occurred less than 4 hours after Plaintiff's attorney received Ryan's attorney, Sunderland's objection [F.R.C.P. 45] to the deposition.

7. **January 12 - 14, 2012:** Plaintiff's attorney exchanged e-mails concerning what information Ryan may or may not have pertinent to Plaintiff's case and the possibility of Ryan providing a sworn statement.   Apparently Ryan had not worked for Defendant for one year preceding Plaintiff's termination.

8. **January 14, 2012:** Plaintiff procured personal service of subpoena on Ryan, a non-party [Ex. C of Doc. #136] for a deposition January 18, 2012 which did provide Rule 45 (c)(d) & (e).

9. **January 17, 2012:** Ryan filed Motion to Quash Deposition and Protective Order.

10. **January 18, 2012:** Ryan's deposition scheduled to occur pursuant to subpoena dated January 14, 2012.

## ANALYSIS

1. Plaintiff did not comply with D.C. Colo. L. Civ. R. 30.1 by not contacting Ryan (a non-party) about scheduling his deposition nor what information Ryan might possess or whether less

burdensome alternatives to deposition existed until 6 days before the scheduled deposition. Plaintiff made no effort to schedule the deposition "at a time reasonably convenient and economically efficient to the proposed deponent." Plaintiff also did not give Ryan reasonable notice of 14 days for the taking of his deposition.

2. Plaintiff gave notice on January 14, 2012 to Ryan of F.R.C.P. 45(c)(d) & (e) but did not comply with F.R.C.P. 45 because Plaintiff failed to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

Pursuant to F.R.C.P. 45(c)(1), the Court does hereby:

1. **GRANT** Ryan's Motion to Quash the Subpoena issued to Ryan on January 14, 2012 for a deposition on January 18, 2012.

2. **DENY** Ryan's request for a protective order. If F.R.C.P. 45 and D. C. Colo. L. Civ. R. 30.1 are complied with, then a deposition may be appropriate.

3. **GRANT** Ryan's request that Plaintiff's attorney, Keith Killian, pay all attorney fees relating to attorney Sutherland's preparation of Ryan's Motion to Quash the Subpoena.

The Court urges attorneys Sunderland and Killian, in the presence of Dr. Ryan, to discuss the anticipated testimony of Dr. Ryan and alternative methods of securing this information short of a deposition. If in fact a deposition is required, then all aspects of F.R.C.P. 45 and D. C .Colo. L. Civ. R. 30.1 should be complied with. A hearing concerning attorney fees is set for April 17, 2012, in Durango for which Mr. Killian and Mr. Sunderland may appear in person or by phone. All exhibits and potential objections to said exhibits must be filed with the Court on or before April 16, 2012.

**DATED: March 21, 2012.**

**BY THE COURT:**

        **David L. West**
        **United States Magistrate Judge**

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**