**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00033-WJM-DLW

CINDY ENOS-MARTINEZ,

     Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

     Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT EXPERT REPORT**
_____

     This matter is before the Court on Plaintiff's Motion for Leave to Timely

Supplement John Gaffin's Expert Report (ECF No. 152) (the "Motion").  Plaintiff's

Motion was filed on March 16, 2012, after the Final Pretrial Order in this case was

entered on January 23, 2012.  (ECF No. 132.)

     For the reasons set forth below, Plaintiff's Motion for Leave to Timely

Supplement John Gaffin's Expert Report is GRANTED.

**I.  LEGAL STANDARD**

     A Final Pretrial Order serves the purpose of "insur[ing] the economical and

efficient trial of every case on its merits without chance or surprise."  *Hull v. Chevron*

*U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987).  An amendment of a Final Pretrial

Order will be permitted "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The

party seeking the amendment bears the burden of establishing that manifest injustice

will occur without the amendment.  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

The decision to allow an amendment of a Final Pretrial Order rests within the sound discretion of the trial court.  *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998).  In exercising such discretion, the Court is guided by the following factors:  (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.  *Koch*, 203 F.3d at 1222, 1222 n. 10 (noting that the trial court need not consider each factor).  The Court must bear in mind, however, that "if the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial] conference . . . then it may not be allowed."  *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993) (internal quotation omitted).  The Court's paramount concern under Fed. R. Civ. P. 16(e) at all times remains "the full and fair litigation of claims."  *Id.*

## II.  ANALYSIS

Plaintiff requests the Court allow her to supplement the expert report of John Gaffin, Plaintiff's human resources expert.  (Motion (ECF No. 152.))  Doing so will require the Court to amend this case's Final Pretrial Order.  (ECF No. 132).  Defendant argues that the Court should deny Plaintiff's Motion because Plaintiff's supplemental expert report is untimely and denying Plaintiff's Motion will not cause manifest injustice.  (ECF No. 159.)

2

Plaintiff submitted John Gaffin's preliminary expert report on December 30, 2011, before this case's expert disclosure deadline.  (Motion at 1.)  However, Mr. Gaffin was unable to complete his expert report before that date because the Mesa County Commissioners, fact witnesses in this case, had yet to be deposed.  (*Id*. at 1-2.)  The County Commissioners' depositions were completed on February 2, 2012, and Plaintiff then provided those transcripts to Mr. Gaffin, allowing him to complete his expert report. (*Id*.)  Plaintiff subsequently disclosed Mr. Gaffin's supplemental expert report to Defendants on March 7, 2012, and filed the instant Motion on March 16, 2012.  (*Id*. at 3.)

Given this sequence of events, the Court disagrees with Defendant.  The changes in Mr. Gaffin's supplemental expert report are limited in scope to opinions formed based on the Commissioners' depositions.  (Motion at 5-6.)  These depositions were delayed because Defendant did not produce the Commissioners' personnel files to Plaintiff until December 14, 2011, after Defendant was ordered to produce them by the Court.  (ECF No. 109.)  Thus, the delay in deposing these witnesses was due, at least in part, to Defendant's actions.

Moreover, while this case is scheduled for trial, the trial date is not until April 1, 2013, more than one year from the date of this Order.  (ECF NO. 151.)  As such, Defendant will not be prejudiced by the substitution of a supplemental expert report that is limited in scope to information obtained through the aforementioned depositions. *See Koch*, 203 F.3d at 1222; *see also Eagle Well Service Inc. v. Central Power Systems & Services Inc.*, 08-cv-2184, 2010 WL 2134311, at *3-4 (D. Kan. May 27, 2010) (granting motion to amend Pretrial Order because "there is no surprise to

3

Defendant,. . .  allowing modification [] will not disrupt the orderly and efficient trial of this case" and there is "no reason to believe that Plaintiff seeks to amend the Pretrial Order in bad faith.")  Further, the Court has no reason to believe that Plaintiff's Motion was made in bad faith.  Based on the above facts, the Court finds that refusing to grant Plaintiff's Motion will cause a manifest injustice because it will deny Plaintiff the ability to present a "full and fair" picture of her claims at trial.  *See Joseph Mfg. Co., Inc.*, 986 F.2d at 420.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff's Motion for Leave to Timely Supplement John Gaffin's Expert Report (ECF No. 152) is GRANTED; and

2.      The Final Pretrial Order (ECF NO. 132) is amended accordingly and consistent with this Order.

Dated this 28th day of March, 2012.

BY THE COURT:

_____

William J. Martinez
United States District Judge