**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00033-WJM-DLW

CINDY ENOS-MARTINEZ,

    Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXHIBITS
ATTACHED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
DISPOSITIVE MOTIONS AND SUPPORTING BRIEF**

---

    This matter is before the Court on Defendant's Motion to Exclude Exhibits Attached to Plaintiff's Response to Defendant's Dispositive Motions and Supporting Brief (ECF No. 150) (the "Motion"). Defendant seeks to exclude four separate exhibits which are described below. For the reasons set forth below, Defendant's Motion to Exclude Exhibits Attached to Plaintiff's Summary Judgment Response is DENIED.

## I. BACKGROUND

    Plaintiff filed this action in District Court, Mesa County, Colorado on November 25, 2009, and the case was removed to this Court on January 7, 2010. (ECF Nos. 1, 2.) Plaintiff brings claims of employment discrimination against Defendant. (*Id.*) Specifically, Plaintiff claims that she was discriminated against based on her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. and Colorado state law, C.R.S. § 24-34-402, and was discriminated against based on her

race in violation of Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000 *et seq.* and Colorado state law, C.R.S. § 24-34-402. (*Id.*)

On April 14, 2011, Defendant filed its Dispositive Motions and Supporting Brief. (ECF No. 81.) On February 24, 2012, Plaintiff filed her Response in opposition to the summary judgment portion of Defendant's Dispositive Motions and Supporting Brief.[1] (ECF No. 144.) Plaintiff's Summary Judgment Response contained 27 separate Exhibits. (*Id.*) On March 12, 2012, Defendant filed its Reply to Plaintiff's Summary Judgment Response. (ECF No. 149.)

Also on March 12, 2012, Defendant filed a Motion to Exclude Exhibits Attached to Plaintiff's Response ("Plaintiff's Summary Judgment Response"). (ECF No. 150.) Specifically, Defendant seeks to exclude the following exhibits attached to Plaintiff's Summary Judgment Response: (1) the affidavit of Karen Stewart (Ex. 11); (2) the affidavit of Susan Diaz (Ex. 28); (3) Plaintiff's Rebuttal Letter to the Colorado Department of Regulatory Agencies, Division of Civil Rights ("Rebuttal Letter") (Ex. 26); and (4) the expert report of John Gaffin (Ex. 27) (*Id.*)[2] On March 20, 2012, Plaintiff filed her Response to Defendant's Motion to Exclude Exhibits. (Response (ECF No. 154.)) No Reply Brief was permitted. (ECF No. 151.)

This Motion is now ripe for resolution.

---

[1] On May 23, 2011, Plaintiff filed her Response to the Motion to Dismiss portion of Defendant's Dispositive Motions and Supporting Brief. (ECF No. 97.)

[2] On March 23, 2012, Defendant withdrew its objection to the medical report of Dr. Avis Severance, which was attached to Plaintiff's Summary Judgment Response (Exhibit 24). (ECF No. 158.)

## II.  ANALYSIS

In Defendant's instant Motion, Defendant seeks to exclude: (1) the affidavits of Karen Stewart and Susan Diaz; (2) Plaintiff's Rebuttal Letter; and (3) the expert report of John Gaffin.  (Motion at 1.)  Plaintiff argues that the Court should deny Defendant's Motion for various reasons discussed below.

In moving to exclude certain exhibits to Plaintiff's Summary Judgment Response, Defendant is essentially asking the Court to strike these exhibits.  "Motions to strike are disfavored, particularly in the context of motions for summary judgment." *Lobato v. Ford*, No. 05-cv-01437, 2007 WL 2593485, at *11 (D. Colo. Sept. 5, 2007); *see also Alexander v. Archuleta Cnty.*, No. 08-cv-00912, 2009 WL 3245915, at *4 (D. Colo. Oct. 2, 2009) ("[S]triking affidavits is disfavored in the context of a summary judgment motion. . . .  [L]itigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits.") (internal citations and quotation marks omitted).  A decision whether to grant or deny a motion to strike lies "within the sound discretion of the district court."  *Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).

**A.     Karen Stewart and Susan Diaz Affidavits**

Defendant argues that the affidavits of Karen Stewart and Susan Diaz (ECF No. 144, Exs. 11, 28), third-parties to this case, should be excluded because Plaintiff never produced these affidavits to Defendant during discovery.  (Motion at 3-10.)  Plaintiff concedes that she did not produce these affidavits to Defendant during discovery, but argues that the affidavits are protected attorney-work product that Plaintiff was not

required to disclose to Defendant. (Response at 4-6.) Plaintiff also argues that even if the affidavits are not protected attorney work-product, Plaintiff's failure to disclosure the affidavits was harmless error. (*Id*. at 6-8.)

Federal Rule of Civil Procedure 26 sets out the parties' duties during the discovery process. Under Fed. R. Civ. P. 26(a)(1)(A)(ii), "a party must, without awaiting a discovery request, provide to the other parties a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Further, Fed. R. Civ. P. 26(e)(1)(A) imposes an ongoing duty to "supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under F.R.C.P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." However, under Fed. R. Civ. P. 26(b)(3), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . ." Such documents may only be discoverable if they "are otherwise discoverable under Rule 26(b)(1)" and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R.

Civ. P. 26(b)(3)(A)(i-ii).

The Court agrees that Plaintiff did not have to produce the affidavits of Karen Stewart and Susan Diaz during discovery because they are protected attorney work-product documents. The work-product doctrine protects "written statements, private memoranda, and personal recollections of witness interviews prepared or formed by an adverse party's counsel in the course of his legal duties." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1184 (10th Cir. 2010) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)). The work-product doctrine "prevents disclosure of information that was prepared by the attorney in anticipation of litigation or for trial." *Id*.

Here, the affidavits in question are the end result of interviews conducted by Plaintiff's counsel in preparation for trial and relate to Plaintiff's strategy of presenting evidence that Defendant was targeting employees over the age of 50 for adverse treatment. (Response at 5-6.) Both affidavits include opinion statements expressed by the third-party witnesses during the interviews. (ECF No. 144, Ex. 11, ¶¶ 18, 28; Ex. 28, ¶ 10). As such, the Court finds that the third-party affidavits of Karen Stewart and Susan Diaz are protected by the work-product doctrine and were not subject to Rule 26 disclosure requirements during the discovery process. *See Abell v. Babbitt*, No. 98-cv-2315, 1999 WL 215403, 176 F.3d 488 (Table) (10th Cir. April 14, 1999) (unpublished decision) (in an age discrimination case, third-party affidavits attached to a summary judgment motion and prepared in anticipation of trial "are not part of the discovery process, and are protected by the attorney-client and attorney work-product privileges.").

Moreover, both Ms. Stewart and Ms. Diaz were disclosed by Plaintiff as potential witnesses in Plaintiff's Third Supplemental Disclosures, and were also listed as witnesses in the Preliminary Pretrial Order (ECF No. 125 at 22, 24) and Final Pretrial Order (ECF No. 132 at 15-17).  After making the tactical decision not to depose these third-party witnesses, Defendant cannot now complain that it is somehow prejudiced by the attachment of these affidavits to Plaintiff's Summary Judgment Response.  *See Abell*, 1999 WL 215403; *see also Ojeda-Sanchez v. Bland Farms, LLC*, No. 08-cv-096, 2010 WL 2382452, at *2 (S.D. Ga. June 14, 2010) ("Plaintiffs should have been aware that [the individual] had discoverable information. . . . [T]he Court will not strike [the] affidavit simply because Plaintiffs neglected to depose [the individual].").  Accordingly, the Court denies Defendant's Motion to Exclude the affidavits of Karen Stewart and Susan Diaz attached to Plaintiff's Summary Judgment Response.

**B.      Plaintiff's Rebuttal Letter**

Defendant next argues that Plaintiff's Rebuttal Letter (ECF No. 144, Ex. 26) should be excluded because Plaintiff failed to produce this letter to Defendant during discovery or at any time thereafter.  (Motion at 10-12.)  In response, Plaintiff asserts that she cited the Rebuttal Letter "solely to show that she properly brought the claim that the July 31, 2008 Improvement Action Plan was a form of disparate treatment," and that Plaintiff's failure to produce the letter to Defendant was harmless.  (Response at 8-10.)

The Court has reviewed the entirety of the Summary Judgment briefing (ECF Nos. 81, 144, 149), and determines it need not reach the merits of Defendant's

argument with regard to the Rebuttal Letter, because the document is not material to its decision on the merits of Defendant's summary judgment motion. As a consequence, that portion of Defendant's instant motion addressing the Rebuttal Letter is denied as moot.

**C.     The Expert Report of John Gaffin**

Defendant further argues that the expert report of John Gaffin (ECF No. 144, Ex. 27) should be excluded because it is inadmissible under Federal Rule of Evidence 702. (Motion at 12-15.) Plaintiff counters that she cited this report solely to show "that the age spreadsheet is not a useful succession planning tool" and that the report meets the requirements of Rule 702. (Response at 10-14.)

An expert's evidence is admissible under Fed. R. Evid. 702 if the "witness . . . is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

The Court denies Defendant's Motion to Exclude John Gaffin's expert report given that the report is offered solely to represent the expert's opinion on the age spreadsheet. Mr. Gaffin's report cites several standards and publications that he relied on in forming his opinions. (ECF No. 144, Exhibit 27, p. 7.) In short, Plaintiff has put forth sufficient evidence that Mr. Gaffin's "specialized knowledge" and opinion regarding the age spreadsheet is the "product of reliable principles and methods." *See* Fed. R.

Evid. 702; *see also Layman v. Gutierrez*, 05-cv-01890, 2007 WL 571108, at *3 (D. Colo. Feb. 20, 2007) (finding human resources expert's "specialized knowledge" to be "sound and reliable"); *Owner-Operator Indep. Driver Ass'n, Inc. v. USIS Commercial*, 04-cv-01384, 2006 WL 2164661, at *8 (D. Colo. July 31, 2006) (same); *Humphreys v. Regents of Univ. of Cal.*, 04-cv-03808, 2006 WL 1867713, at *2 (N.D. Cal. July 6, 2006) (human resources expert's "proposed testimony about the University's deviation from good human resources practices is proper expert testimony under Rule 702. The University's failure to follow such practices is relevant to plaintiff's contention that the layoff was a pretext for gender discrimination or retaliation . . . .").

Defendant also moves to exclude portions of John Gaffin's expert report which may improperly opine upon essential elements of the case or legal conclusions. (Motion at 14-15.) However, since the Court will only consider the report's opinion on the age spreadsheet, the Court does not reach the question of the admissibility of the remaining portions of the expert report. Rather, such objections may be taken up in a motion *in limine* at the appropriate time.

### III.  CONCLUSION

In accordance with the foregoing, it is therefore ORDERED as follows:

1. Defendant's Motion to Exclude Exhibits Attached to Plaintiff's Response to Defendant's Dispositive Motions and Supporting Brief (ECF No. 150) is DENIED;
2. Defendant's Motion to Exclude the affidavits of Karen Stewart and Susan Diaz (ECF No. 144, Exs. 11, 28) is DENIED;

3.  Defendant's Motion to Exclude Plaintiff's Rebuttal Letter (ECF No. 144, Ex. 26) is DENIED as MOOT; and

4.  Defendant's Motion to Exclude the expert report of John Gaffin (ECF No. 144, Ex. 27) is DENIED.

Dated this 30th day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge