IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-00033-WJM-DLW

CINDY ENOS-MARTINEZ,

    Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S DISPOSITIVE MOTIONS**

---

Plaintiff Cindy Enos-Martinez brings this action against Defendant the Board of County Commissioners of the County of Mesa, Colorado for employment discrimination alleging that she was discriminated against based on her age and race. Before the Court are Defendant's Dispositive Motions requesting summary judgment and moving to dismiss portions of Plaintiff's Complaint (the "Motion") (ECF No. 81.)

For the reasons set forth below, Defendant's Dispositive Motions are GRANTED in part and DENIED in part.

## I. BACKGROUND

**A.    Factual Background**

The following facts are taken from the record and are undisputed:

Plaintiff is a Hispanic-Latino female of more than 54 years of age who began working for Mesa County, Colorado (the "County") in 1977. (Compl. ¶¶ 15, 16.) Defendant is the Board of County Commissioners for Mesa County ("BOCC"). (*Id*. ¶ 2.)

In 2002, Plaintiff became a Benefits Specialist for the County. (*Id*. ¶ 19). In January 2007, Stefani Conley became the head of the Mesa County Human Resources Department, and became Plaintiff's direct supervisor. (*Id*. ¶¶ 21, 24-25.)

In May 2008, Ms. Conley appointed Sheryl Coffey to the County's newly created position of Compensation/Benefits Manager. (*Id*. ¶ 42). The Compensation/Benefits Manager took on a number of responsibilities, including supervising Plaintiff. (*Id*. ¶ 40.) Plaintiff was not given the opportunity to apply or interview for this position. (Dep. of Stefani Conley, at 155:16-156:8.)

On August 5, 2008, Plaintiff submitted a request for Family Medical Leave Act ("FMLA") leave, and began her leave on August 12, 2008. (Notification of Family Medical Leave Act, attached to Motion, Ex. L.) The FMLA Notification includes a notice to the employee that the employee will be returned to the same or equivalent position if leave (total of paid and unpaid time) does not exceed twelve weeks. (*Id*.)

On or about October 28, 2008, Plaintiff received a letter from Sandra Perry, the Mesa County Human Resources Manager, which stated that: (1) Plaintiff's FMLA leave would expire on November 4, 2008; (2) Plaintiff's position would no longer be protected; (3) Plaintiff had 237.75 hours of sick leave remaining; and (4) upon exhaustion of sick leave, Plaintiff's employment with Mesa County would end. (Perry Letter, attached to Motion, Ex. J; S. Perry Affidavit ¶ 8). In November 2008, Plaintiff also received a copy of an Improvement Action Plan from the County, which stated: "Outcome: Proposed letter of dismissal." (November 2008 Improvement Action Plan, attached to SJ Response, Ex. 22.)

On November 4, 2008, Plaintiff, along with her attorney, had a meeting with County representatives to discuss Plaintiff's employment status. (County Attorney Letter, attached to Motion, Ex. N; M. Dechant Affidavit ¶ 5.) At this meeting, Plaintiff was advised that she could continue to use remaining sick leave as long as she was employed by Mesa County, and that she could subsequently apply for open positions advertised by Mesa County. (*Id.*) However, Plaintiff was also told that she was no longer the Mesa County Benefits Specialist, and that the County would immediately start recruiting to fill that position. (Dep. of C. Enos-Martinez, at 83:7-11.)

By letter dated December 22, 2008, Sandra Perry informed Plaintiff that her allotted sick leave ended as of December 19, 2008, and that Plaintiff was no longer employed by the County. (Letter from S. Perry, attached to Motion, Ex. O; S. Perry Affidavit ¶ 11.)

### B.     Procedural History

Plaintiff filed this action in District Court, Mesa County, Colorado on November 25, 2009, and the case was removed to this Court on January 7, 2010. (ECF Nos. 1, 2.) Plaintiff brings employment discrimination claims against Defendant. (*Id.*) Specifically, Plaintiff claims that she was discriminated against based on her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and Colorado state law, C.R.S. § 24-34-402, and that she was discriminated against based on her race in violation of Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000 *et seq.* and Colorado state law, C.R.S. § 24-34-402. (*Id.*)

On April 15, 2011, Defendant filed its Dispositive Motions.  (ECF No. 81.) Defendant seeks summary judgment pursuant to Federal Rule of Civil Procedure 56 on all of Plaintiff's claims, and seeks to dismiss certain of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1).  (*Id*.)

The Court bifurcated the two dispositive motions for the purposes of briefing.  (ECF Nos. 92, 109.)  On May 23, 2011, Plaintiff filed her Response to the Motion to Dismiss portion of Defendant's Dispositive Motions.  (ECF No. 97.)  On June 9, 2011, Defendant filed its Reply to Plaintiff's Response to the Motion to Dismiss.  (ECF No. 104.)

On February 24, 2012, Plaintiff filed her Response in Opposition to the Summary Judgment portion of Defendant's Dispositive Motions.  (SJ Response (ECF No. 144.)) On March 12, 2012, Defendant filed its Reply to Plaintiff's Summary Judgment Response.  (SJ Reply (ECF No. 149.))

These Motions are now ripe for resolution.

## II. LEGAL STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby Inc*., 477 U.S. 242,

248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

### III.  ANALYSIS

**A.     Motion for Summary Judgment**

    **1.     Plaintiff's Hiring Claims Based on Age Discrimination**

Defendant argues that Plaintiff has not established a *prima facie* case for discrimination regarding her hiring claims. (Motion at 9-12.) Specifically, Defendant asserts that: (1) Plaintiff was not qualified to be the Compensation/Benefits Manager; (2) even if Plaintiff were qualified, the County hired a more qualified candidate; and (3) the Compensation/Benefits Manager position was not a newly created position, but was

actually a reclassification of another job title. (*Id.*) Plaintiff disputes Defendant's assertions with various arguments described below. (SJ Response at 27-34.)

The ADEA prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA protects workers "who are at least 40 years of age," 29 U.S.C. § 631(a), and was passed "'to promote employment of older persons based on their ability rather than age' and 'to prohibit arbitrary age discrimination in employment.'" *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1276 (10th Cir. 2005) (quoting 29 U.S.C. § 621(b)).

To establish a *prima facie* case of age discrimination based on failure to hire, a plaintiff must show: (1) that she belongs to the protected class; (2) that she applied for and was qualified for the position; (3) that despite her qualifications she was not hired; and (4) that the defendant filled the position with someone sufficiently younger to permit an inference of age discrimination or continued to seek applicants from individuals having qualifications similar to those of plaintiff. *See Lewis v. McDonnell Douglas Corp.*, No. 95-cv-1161, 1996 WL 77038, at *3, 77 F.3d 492 (10th Cir. Feb. 21, 1996) (Table) (citing *Coe v. Yellow Freight Sys., Inc.*, 646 F.2d 444, 448-49 (10th Cir. 1981)).

After a plaintiff has established a *prima facie* case, the burden is shifted to the employer to articulate a legitimate, non-discriminatory reason for the employee's adverse employment action. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once the employer comes forward with a facially non-discriminatory reason for the adverse employment decision, the plaintiff is afforded a fair opportunity

to demonstrate that the assigned reason for the allegedly discriminatory act was a pretext or discriminatory in its application. *Id*. at 804; *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1321 (10th Cir. 1997). Claims made under the Colorado Anti-Discrimination Act (§ 24-34-301, *et seq.*, C.R.S.), are subject to the same *McDonnell-Douglas* analysis. *See Colorado Civil Rights Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 400 (Colo. 1997).

Here, Defendant does not dispute that Plaintiff was a member of a protected class (over the age of 40) when it created the Compensation/Benefits Manager position or that the County hired a younger employee to fill that position. However, Defendant argues that Plaintiff was not qualified for the Compensation/Benefits Manager position because she did not hold a bachelor's degree. (Motion at 9-11.)

The position description for the Compensation/Benefits Manager position states that the minium qualifications are: "Bachelor's degree in finance, accounting, business or related field with three (3) years of progressively more complex responsibilities. Any combination of education, training and experience which provides the knowledge, skills, and abilities required for the job." (Compensation/Benefits Manager position description, attached to Motion, Ex. H.)

Defendant essentially urges the Court to read the word "and" in between the two above sentences in order to find that holding a bachelor's degree was, in all instances, a prerequisite for the Compensation/Benefits Manager position. The Court declines to do so. From the record before the Court it is evident that managerial positions at the County do not require a bachelor's degree. Indeed, Sandy Perry, the County's Human Resources Manager, does not herself hold a bachelor's degree. (Dep. of S. Perry, at 14:12-19.) Moreover, Plaintiff had approximately 31 years of experience working for the

County and had worked in the County's Human Resources department since 2002. (Comp. ¶¶ 16, 19.) She was responsible for administering the County's benefits programs and received favorable performance reviews. (S. Perry Affidavit ¶ 5; Performance Appraisals, attached to SJ Response, Exs. 12-14.) Plaintiff also had significant supervisory experience, and was only four credits short of a bachelor's degree in business in 2008. (Dep. of C. Enos-Martinez, at 8:19-24, 9:5-20, 44:2-8.) Given Plaintiff's education and experience, Plaintiff has shown a genuine dispute as to whether she was in fact qualified for the Compensation/Benefits Manager position.

It is also undisputed that Plaintiff was not given the opportunity to apply for the Compensation/Benefits Manager position. While Defendant argues that Plaintiff cannot establish a *prima facie* case for discrimination because she never "applied for" the position (Motion at 9-12.), the Compensation/Benefits Manager position was not posted for applications and Plaintiff was never allowed to apply for the position despite her express interest. (SJ Response at 35.) Thus, under these facts, Plaintiff has satisfied her *prima facie* burden. *See Medina v. Income Support Div., New Mexico*, 413 F.3d 1131, 1137 (10th Cir. 2005); *see also Whalen v. Unit Rig. Inc.*, 974 F.2d 1248, 1251 (10th Cir. 1992) ("[P]laintiff [need not] formally apply for the job in question.")

Defendant asserts that, in the event Plaintiff has established a *prima facie* case for discrimination, it had a legitimate, non-discriminatory reason for not allowing Plaintiff to apply or interview for the Compensation/Benefits Manager position because it simply "reclassified" the County's Compensation Analyst position as the Compensation/Benefits Manager. (Motion at 9.) Because Defendant has put forth a non-discriminatory basis for its employment decision, the issue thus becomes whether

Plaintiff can show a dispute of fact as to whether Defendant's professed basis for its decision was pretext for discrimination.

"A plaintiff produces sufficient evidence of pretext when she shows 'such weaknesses, implausibilities, inconsistencies, incoherenceies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1280 (10th Cir. 2010) (quoting *Jaramilo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005)).

Here, the County's Human Resources manual includes specific provisions regarding the reclassification of positions and the internal recruitment of County employees for new positions. (Mesa County Human Resources Policies and Procedures Manual, attached to SJ Response, Ex 17.) Plaintiff, in turn, has submitted evidence showing that the alleged job reclassification did not comply with this manual. (SJ Response at 31-32.) As such, a genuine dispute of fact exists as to whether the Compensation/Benefits Manager position was reclassified from another position in conformity with the County's Human Resources manual.

The County also argues that the individual who was hired for the Compensation/Benefits Manager position, Sheryl Coffey, was more qualified for the position than Plaintiff. (Motion at 10-12.) However, the Court finds that Plaintiff has submitted sufficient evidence to create a genuine dispute of fact as to which individual was the more qualified candidate. Ms. Coffey had "limited compensation experience" before working on the County's compensation study in 2007, and only had only one

year of compensation experience with the County before she was promoted to the Compensation/Benefits Manager position. (Sheryl Coffey 2007-08 Performance Appraisal, attached to SJ Response, Ex. 4.)  In contrast, Plaintiff supervised over 20 employees at the County for over a decade, and had supervised temporary employees and volunteers in the County.  (Dep. of C. Enos-Martinez, at 43:17-22, 44:2-12.)  Based on the evidence before the Court, there is manifestly a genuine question of fact as to whether Ms. Coffey was more qualified than Plaintiff to the be the Compensation/Benefits Manager.

As such, and for the above stated reasons, genuine disputes of material facts exist which preclude granting summary judgment to Defendant on Plaintiff's job hiring claims based on age discrimination.

### 2. Plaintiff's Job Termination Claim Based on Age Discrimination

Defendant argues that it is entitled to summary judgment on Plaintiff's age discrimination job termination claim because, since the County hired an older employee to replace Plaintiff, she cannot establish a *prima facie* case of age discrimination. (Motion at 12-15.)  Defendant also argues that Plaintiff was never fired by the County, but left her job voluntarily.  (*Id.*)  Plaintiff responds by arguing that the Tenth Circuit has long recognized that a plaintiff is not limited to proving a *prima facie* case of age discrimination, but can defeat summary judgment by showing evidence that Plaintiff's age was a determining factor in her job termination.  (SJ Response at 37-39.)

The case law supports Plaintiff's argument.  Plaintiff can carry her burden in opposing summary judgment by offering direct or circumstantial evidence that age was

a "determining factor" in her termination. *See Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996).

The Court finds that Plaintiff has put forth sufficient evidence showing that: (1) Plaintiff was terminated as a County employee, and (2) age was a determining factor in that termination. The record shows that after November 4, 2008, Plaintiff held no position with the County. (Dep. of S. Perry, at 91:8-20; 92:19-93:10.) The County's November 2008 Improvement Action Plan also indicates that the County intended to dismiss Plaintiff when she returned from FMLA leave. (November 2008 Improvement Action Plan, attached to SJ Response, Ex. 22.) Moreover, the County deactivated Plaintiff's e-mail account and building access while she was on FMLA leave, steps normally taken when the County prepared to terminate an employee. (Dep. of C. Enos-Martinez, p. 68:8-14, 71:13-16; Dep. of J. Rowland, at 198:1-10.) As such, Plaintiff has put forth sufficient evidence supporting her contention that her employment with the County was involuntarily terminated.[1]

Plaintiff has also submitted sufficient evidence showing that age may have been a determining factor in her job termination. In 2008, the County created an "age spreadsheet." (Dep. of S. Conley, at 118:3-10; Age Spreadsheet, attached to Motion, Ex. S.) While Defendant asserts that this spreadsheet was part of its succession planning efforts, there is a dispute of fact as to this document's actual purpose because the spreadsheet was not a recommended succession planning tool, and it does not

---

[1] Because the Court finds that there is a dispute of fact as to Plaintiff being terminated by the County which precludes Defendant being entitled to judgment as a matter of law on this clam, the Court does not reach Plaintiff's constructive discharge argument. (SJ Response at 39-40.)

evaluate employees on any factor other than age.  (Dep. of S. Acqufresca, at 84:17-85:4; Age Spreadsheet, attached to Motion, Ex. S.)  Moreover, multiple employees over the age of 50 were terminated by the County after the age spreadsheet was created.  (S. Diaz Affidavit; Dep. of C. Enos-Martinez, at 38:21-39:6.)  As of December 2010, the County's Human Resources Department employed only one individual out of five (twenty percent) over the age of 50.  (Dep. of S. Perry, at 118:20-119:17.)  When the age spreadsheet was created in 2008, four out of seven (57 percent) were over the age of 50.  (Age Spreadsheet, attached to Motion, Ex. S.)

Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's age discrimination job termination claim is denied.

### 3. Plaintiff's Compensation Claims Based on Age and Race Discrimination

Defendant argues that it is entitled to summary judgment on Plaintiff's compensation claims based on age and race discrimination because Plaintiff received bonuses and a raise in 2008.  (Motion at 15.)  Plaintiff does not dispute this argument in her Summary Judgment Response, and Defendant has demonstrated that there is no genuine issue of material fact preventing Defendant from being entitled to judgment as a matter of law.  *See Celotex*, 477 U.S. at 322.  Therefore, Defendant is entitled to summary judgment on Plaintiff's compensation claims based on age and race discrimination.[2]

---

[2]    Plaintiff's compensation based claims also include any claim Plaintiff may be asserting that her failure to receive a 2007 pay raise was an independent adverse employment action.

### 4. Plaintiff's Claim that Defendant Discriminated Against Her through the July 31, 2008 Improvement Action Plan

Defendant moves for summary judgment on Plaintiff's claim that the July 31, 2008 Improvement Action Plan (the "Plan") that Plaintiff received from the County was an adverse employment action. (Motion at 1; SJ Reply at 14-19.) In response, Plaintiff argues that Defendant never moved for summary judgment on her Plan claim, and that the Plan constituted an adverse employment action. (SJ Response at 22-25.)

The Court first finds that Defendant moved for summary judgment on all of Plaintiff's claims, including Plaintiff's Plan claim. (Motion at 1.) Additionally, the Court finds that Plaintiff has abandoned any claim that the Plan was an adverse employment action because it is not listed as such in this case's Final Pretrial Order. (Final Pretrial Order (ECF No. 132 at 2.)) The Final Pretrial Order controls the course of proceedings. "[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). As such, Plaintiff has abandoned her claim that the Plan was an adverse employment action.[3]

### 5. Plaintiff's Hostile Work Environment Claim Based on Age and Race Discrimination

Defendant moves for summary judgment on Plaintiff's hostile work environment

---

[3] Because the Court finds that Plaintiff has abandoned her claim that the Plan was an adverse employment action, the Court does reach the question of whether, in the circumstances of this case, the Plan actually constituted such an action. The Court also does not reach the question of whether, given the facts of this case, the Plan can be used as evidence supporting Plaintiff's other discrimination claims.

claims based on age and race. (Motion at 1; SJ Reply at 19.) In response, Plaintiff argues that Defendant has failed to meet its burden demonstrating that is entitled to judgment as a matter of law on these claims. (SJ Response at 25-27.)

"'For a hostile environment claim to survive a summary judgment motion, a plaintiff must show that a rational jury could find that the workplace (was) permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257, 1261 (10th Cir. l998). In determining whether a work environment was sufficiently hostile or abusive, courts examine "all the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *MacKenzie*, 414 F.3d at 1273 (internal citation omitted). Additionally, "the environment must be both subjectively and objectively hostile or abusive." *Id*.

The Court agrees with Plaintiff that Defendant has not met their initial burden of showing that there is an absence of a dispute of material fact regarding Plaintiff's hostile work environment claims that entitles it to judgment as matter of law. *See Celotex*, 477 U.S. at 322. Indeed, Defendant does not specifically argue or articulate that it is entitled to summary judgment on these specific claims in its Motion. As such, Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claims is denied.

### 6. Plaintiff's Race Discrimination Claims

While Defendant moves for summary judgment on all of Plaintiff's claims (Motion at 1), Defendant did not make a specific argument or demonstrate as to why it is entitled to judgment as a matter of law on Plaintiff's race discrimination claims. As such, Defendant did not meet its initial burden under Federal Rule of Civil Procedure 56, and it is not entitled to summary judgment on Plaintiff's race discrimination claims.

## B. Motion to Dismiss

Also before the Court is the Motion to Dismiss a portion of Defendant's Dispositive Motions. (ECF No. 81)  Defendant's Motion to Dismiss, however, is subsumed by Defendant's Motion for Summary Judgment, and the Court's ruling on Defendant's Motion for Summary Judgment effectively moots Defendant's Motion to Dismiss. *See Brown v. Bd. of Educ. of Pueblo Sch. Dist. No.* 1, No. 05-cv-02079, 2007 WL 389947, at *2 (D. Colo. Feb. 1, 2007). Defendant's Motion to Dismiss is therefore denied as moot. Accordingly, this Order constitutes the Court's findings on the entirety of Defendant's Dispositive Motions.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Dispositive Motions (ECF No. 81) are GRANTED IN PART and DENIED IN PART;

2. Defendant's Motion for Summary Judgment on Plaintiff's hiring claims based on age discrimination is DENIED;

3. Defendant's Motion for Summary Judgment on Plaintiff's job termination claim based on age discrimination is DENIED;

4. Defendant's Motion for Summary Judgment on Plaintiff's compensation claims based on age and race discrimination is GRANTED;

5. Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claim based on age and race discrimination is DENIED;

6. Defendant's Motion to Dismiss is DENIED as MOOT; and

7. The Court finds that Plaintiff has abandoned her claim that the July 31, 2008 Improvement Action Plan was an independent adverse employment action giving rise separately to a claim of discrimination.

Dated this 5th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge