IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West

Civil Action No. 10-CV-00033-WJM-DLW

**CINDY ENOS-MARTINEZ,**

**Plaintiff,**

vs.

**THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,**

**Defendant.**

---

**ORDER RE: PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TIMOTHY RYAN AND REQUEST FOR ATTORNEYS FEES AND COSTS [DOC. #178] and DR. TIMOTHY RYAN'S MOTION FOR STAY AND FOR ISSUANCE OF PROTECTIVE ORDER [DOC. #180]**

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Plaintiff's Motion to Compel Deposition of Timothy Ryan (Ryan) and Request for Attorney's Fees and Costs [Doc. #178] is **DENIED**.

Ryan is a former County employee and non-party to this action. Plaintiff's first request that Ryan be a deponent occurred in Doc. #82, which the court granted in Doc. #107. The Plaintiff next requested in Doc. #89 that Ryan be a deponent pursuant to F.R.C.P. 56(d) so that Plaintiff could respond to Defendant's Dispositive Motions, Doc. #81, and the Court granted Plaintiff's Doc. #89 request in Doc. #109. The Court found that this discovery was relevant and essential for Plaintiff as non-moving party to respond to Defendant's Dispositive Motions. Plaintiff responded to Defendant's Motion for Summary Judgment, Doc. #144, without deposing Ryan and the Court

entered it's Order on Defendant's Motion for Summary Judgment, Doc. #165. Plaintiff served a Subpoena on Ryan which was quashed in Doc. #155 for failure to comply with F.R.C.P. 45 and D.C. Colo. L. Civ. R. 30.1. To date no other Subpoena has been served on Ryan by the Plaintiff. The Final Pretrial Order, Doc. #132 §8, page 27, allowed for discovery beyond the Final Pretrial Order of only the County Commissioners but not Ryan.

The Court finds that F.R.C.P. 37 (a)(3)(B) does not apply to this situation and good cause does not exist to grant Plaintiff's Motion to Compel as the discovery request occurs well after the Final Pretrial Oder, Doc. #132, and therefore, Ryan's Motion for Stay and Issuance of a Protective Order [Doc. #180] is also **DENIED**.

**DATED: October 10, 2012**

BY THE COURT:

s/David L. West
**United States Magistrate Judge**

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**